UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JACK, JR., <br><br> **Plaintiff** <br><br> v. <br><br> STANISLAUS COUNTY DEPUTY SHERIFF ERIC PEARSON, <br><br> **Defendant** | CASE NO. 1:17-CV-0520 AWI SAB <br><br> ORDER ON PLAINTIFF'S MOTION TO DENY COSTS AND ORDER STRIKING AWARD OF COSTS <br><br> (Doc. Nos. 64, 65, 66) |

This civil rights case by Plaintiff James Jack ("Jack") against Defendant Stanislaus County Sheriff's Deputy Eric Pearson ("Pearson") stems from a violent confrontation between Jack and a fellow detainee at the Stanislaus County Jail. Summary judgment on Jack's federal claims was entered on January 14, 2020 in favor of Pearson. See Doc. No. 61. The Court declined to exercise supplemental jurisdiction over Jack's state law negligence claim and dismissed that claim with leave to file in state court. See id. On July 22, 2020, the Clerk taxed costs against Jack in the amount of $8,257.16. See Doc. No. 65. Currently before the Court is Jack's motion to deny costs. See Doc. No. 66. For the reasons that follow, Jack's motion will be granted, costs will be denied, and the Clerk's cost award will be stricken.

*Plaintiff's Argument*

Jack argues that the relevant factors support denying costs. First, the case was close. The Court denied several motions to dismiss that included detailed allegations in support of a

Fourteenth Amendment claim.  Although summary judgment was granted on the federal claim, the Court declined to exercise supplemental jurisdiction over the negligence claim and noted that the failure of the federal claim did not mean that the negligence claim failed as well.  Second, Jack argues that he has limited resources.  He has been unemployed or underemployed following his injuries at the jail, has minimal savings, does not own a car, and is employed through a temp agency at a warehouse earning minimum wage, which at best equates to $20,000 per year after taxes if he worked every day.  Third, there is great economic disparity between Jack and Stanislaus County ("the County").  Jack has no substantial assets, but the County has an operating budget of nearly $1.4 billion.  Finally, this case would have a chilling effect on similar actions.  Jack was forced to file this lawsuit because the County would not provide him any information in the absence of court orders.  Finally, Jack argues that, even though he filed this motion outside of the 7 day window of Rule 54(d)(1), this motion should not be denied as untimely.  Notice of the Clerk's order was sent to defunct e-mail address, even though counsel had filed a notice that included his new e-mail address.  Further, an extension of time under Rule 6(b) is appropriate because the delay in filing this motion was very short, proper notice was not received, and there is no prejudice to Pearson/the County.

*Defendant's Opposition*

Pearson argues that costs should be awarded.  First, the case was not close.  The constitutional issue was resolved against Jack on summary judgment and without the need for trial.  If the case had been close, there would have been a trial.  Second, Jack's modest income is not sufficient to overcome a presumption in favor of costs.  Jack had sufficient resources to litigate this matter and continues to litigate his negligence claims against Pearson in state court.  Further, indigent prisoners are not exempt from costs, per 28 U.S.C. § 1915.  Third, there is no exemption for taxing costs when a government entity is the prevailing party in an action.  Fourth, the imposition of $8,200 in costs will not have a chilling effect as other avenues apart from litigation are available to those who suffer injuries (including memory loss) as a detainee.  Further, contrary to Local Rule 292, Jack filed no objections to the costs claimed.  Finally, there is no indication that Jack's counsel failed to receive other orders that were sent to his defunct e-mail address.

*Legal Standard*

Federal Rule of Civil Procedure 54 provides in relevant part: "Unless . . . a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but also grants district courts with discretion to refuse to award costs. Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016); Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247 (9th Cir. 2014). The Ninth Circuit has recognized a list of five non-exclusive reasons that may serve as a basis for denying costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Draper, 836 F.3d at 1087; Escriba, 743 F.3d at 1247-48. Each of the five reasons is an appropriate reason to deny costs or reduce the amount of costs awarded to a prevailing party. See Draper, 836 F.3d at 1089.

Additionally, the Ninth Circuit has held that a party may demand judicial review of a cost award only if such party has filed a proper motion within the time specified by Rule 54(d)(1). Walker v. California, 200 F.3d 624, 626 (9th Cir. 1999). However, the time limit of Rule 54(d)(1) may be extended pursuant to Federal Rule of Civil Procedure 6(b). Cosgrove v. Sears, Roebuck, & Co., 191 F.3d 98, 101 (2d Cir. 1999). Pursuant to Local Rule 292, the time to file a request for review of the Clerk's cost award runs from the date that the objecting party receives notice of the award. See Local Rule 292(e).

*Discussion*

1. Timely Request

Pearson's argument that Jack failed to file objections to the bill of costs submitted is correct, but irrelevant. To be sure, Local Rule 292(c) provides that "the party against whom costs are claimed may, within seven (7) days from date of service, file specific objections to claimed items with a statement of grounds for objection." Further, Local Rule 292(d) states that if no objection are filed, the Clerk is to proceed to tax and enter costs. See Local Rule 292(d).

However, these rules are meant to address disputes regarding particular items of costs being claimed. These rules do not address whether costs should be denied on policy grounds after consideration of the factors identified in *Draper* and *Escriba*. Once the Clerk has taxed costs, Local Rule 292(e) addresses the timing of a request to review the cost award. The request must be made within 7 days of service of the cost award. Because the Court, not the Clerk, applies the *Draper* and *Escriba* factors, it is only after costs have been awarded that a party can request that costs be denied under the *Draper* and *Escriba* factors. Here, Jack does not make a challenge to any particular cost that was taxed against him. Instead, his challenge is against the entire award through application of the *Draper* and *Escriba* factors. Therefore, Jack's challenge is permissible under Local Rule 292(e), irrespective of his failure to object to a particular cost under Local Rule 292(c).

The above analysis, however, does not address the timing issue raised by Jack. Jack filed his challenge to the cost award more than 7 days after that award was docketed. Jack's counsel has declared that: the notice of the cost award went to a defunct e-mail address, he has never received notice of the cost award from this court, he became aware of the award from Jack's mother, and e-mails sent to the defunct address stopped being forwarded to his current e-mail address prior to the cost award. See Fiol Dec. ¶¶ 2- 6. A review of the docket confirms both that Jack's counsel informed the Court of his new contact information (including a new e-mail address) and that notice of the cost award was sent to an e-mail address that was different from the updated e-mail address provided by Jack's counsel. See Doc. Nos. 49, 66 (html receipt). The Court is satisfied that Jack's counsel informed the Court of his current e-mail address, the changes were not made on the docket, and that Jack's counsel has never received notice of the cost award from the Clerk. Under these circumstances, the 7 day deadline of Local Rule 292(e) to challenge the cost award was not sufficiently triggered, which makes Jack's motion timely.

Alternatively, even if the Court were to hold that Jack's counsel should have done more to ensure that the Clerk had correctly made changes to the docket or that the notices were being sent to his current e-mail address, the Court would find that Jack's counsel nevertheless acted in good faith. Further, given that the 7 day deadline was only missed by 4 days and no prejudice is

apparent to Pearson, the Court would find that an extension of time under Rule 6(b)(2) would be appropriate. The Rule 6(b)(2) extension would make this motion timely.

In sum, the Court finds that Jack has sufficiently complied with Local Rule 292 and that his motion challenging the award of costs is properly before the Court.

### 2. Award of Costs

As indicated above, the Court must consider at least five factors as part of its determination concerning the propriety of a cost award.

This case stemmed from injuries sustained by Jack at the hands of a fellow detainee while he was housed at the County jail. Such failure to protect cases are very common. While civil rights lawsuits have a general importance to society, there is nothing about this particular case that would support a conclusion that it is substantially important to the public. Indeed, Jack does not argue that this factor weighs in his favor.

In terms of the closeness of the issues of the case, both parties make valid points. The federal claims did not proceed to trial because the Court determined that, as a matter of law, the undisputed facts demonstrated that Pearson did not act in a reckless disregard to a danger faced by Jack. See Doc. No. 61. That is, the Court found that the facts could not adequately support a finding that Pearson violated Jack's Fourteenth Amendment rights. This arguably suggests that the federal claim was not close. However, the same facts relied upon by the parties to litigate the Fourteenth Amendment claim were generally the same facts that supported the state law negligence claim. Despite granting summary judgment on the Fourteenth Amendment claim, the Court explained that its findings regarding the absence of a Fourteenth Amendment violation did not defeat the negligence claim as a matter of law. See id. The Court also noted that "novel" issues of state law were at issue with respect to Jack's attempt to rely on the negligence *per se* evidentiary doctrine. See id. Because the Court found that it was appropriate for the state law negligence related issues to be resolved in state court, the Court declined to exercise supplemental jurisdiction and dismissed the negligence claim without prejudice to refiling in state court. See id. If the Court had believed that there was no possible merit to the negligence claim, or that the negligence claim was not close, it would have disposed of that claim on summary judgment.

1 Thus, the negligence claim was "close."  Given the split between the federal and state issues, the
2 Court cannot say that this factor strongly favors either awarding or not awarding costs.  On
3 balance, however, the Court finds that the nature of the negligence claim pursued by Jack weighs
4 slightly in favor of Jack on the "closeness scale."

5       This Court has recognized that the last three factors are interrelated.  See Taylor v.
6 Pritzker, 2016 U.S. Dist. LEXIS 88888, *4 (E.D. Cal. July 8, 2016) (Ishii, J.).  Jack's declaration
7 shows that he has very few resources.  Jack has less than $1,000 in savings, no assets that exceed
8 $500, works for a temp agency, cannot be hired permanently at his current temporary position at a
9 warehouse, makes only minimum wage, has no car, lives with his mother, relies on others to get to
10 work assignments, and would make $27,000 (excluding taxes) if he worked every single day at the
11 warehouse for a year.  See Jack Dec. ¶¶ 3-6.  Given this description of his circumstances, Jack
12 credibly declares that paying over $8,000 in damages would be a terrible hardship.  See id. at ¶ 7.
13 The Ninth Circuit has recognized that costs may be properly denied when a plaintiff would be
14 rendered indigent if they were forced to pay a cost award.  Escriba, 743 F.3d at 1248.  Further,
15 there is a great disparity between the resources of plaintiff and defendant.  Against the resources of
16 Jack, there is no dispute that the County (who litigated this matter on behalf of Pearson) has a
17 budget of over $1 billion.  Relatively speaking, $8,000 is a significant sum to Jack, but is not as
18 significant to the County.  There is no indication that the County will be materially affected in
19 terms of its ability to defend or prosecute lawsuits or functions as a municipal entity if costs are
20 denied.  Additionally, awarding costs in a situation like this, against a plaintiff who has practically
21 no resources, pursues a close negligence case, and who reasonably pursued a non-frivolous federal
22 civil rights claim that was ultimately unsuccessful, could well have a chilling effect on future
23 similar civil rights lawsuits.  See Taylor, 2016 U.S. Dist. LEXIS 88888 at *6; Tubbs v.
24 Sacramento Cnty. Jail, 258 F.3d 657, 661 (E.D. Cal. 2009).  The Court is satisfied that these three
25 factors weigh in Jack's favor.

26       It is true that there is a presumption that a prevailing party is entitled to costs.  See Draper,
27 836 F.3d at 1087.  Further, the Court recognizes that there is no *per se* rule that costs cannot be
28 awarded against a person who has few resources, or that costs cannot be awarded against a civil

rights plaintiff, or that a "deep pocketed" defendant is not entitled to recover its costs. However, given the nature of the claims pursued by Jack, the closeness of at least the negligence claim, Jack's limited resources and the hardship that an $8,257 cost award would be on him, the significant economic disparity between the parties, and the possible chilling effect that this cost award would have in similar cases/situations, the Court finds that the scale weighs firmly against an award of costs in this case. Therefore, Jack's motion will be granted and costs will be denied. See Escriba, 836 F.3d at 1247-48; Taylor, 2016 U.S. Dist. LEXIS 88888 at *4-*6; Tubbs, 258 F.R.D. at 661.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to deny costs (Doc. No. 66) is GRANTED;
2. Defendant's bill of costs (Doc. No. 64) is DENIED;
3. The Clerk's cost award (Doc. No. 65) is STRICKEN; and
4. This case remains CLOSED.

IT IS SO ORDERED.

Dated:  September 3, 2020

SENIOR DISTRICT JUDGE